IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD HULLET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 0070 |
| v. ) | |
| ) | Magistrate Judge |
| CAROLYN W. COLVIN, ) | Maria Valdez |
| acting commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Hullet ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied his claim for Social Security Disability Insurance ("SSDI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Commissioner's Motion for Summary Judgment, [Doc. No. 14], is denied, Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security is granted in part and denied in part, and this case is hereby remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL AND FACTUAL HISTORY[2]

Plaintiff has suffered from asthma since 1991. During the course of his employment as a janitor, however, his condition worsened due to constant exposure to noxious chemicals and eventually deteriorated to the extent that he was unable to work. Plaintiff thus filed a Title II application for SSDI benefits, alleging a disability onset date of January 4, 2010. His application was denied initially and upon reconsideration. Accordingly, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled at Step Five of the Social Security Administration's sequential analysis.

At the hearing, the ALJ found that Plaintiff suffered from the following severe impairments: asthma, diabetes mellitus, and sinusitis. After determining that Plaintiff did not meet any listed impairment, the ALJ then calculated Plaintiff's Residual Functional Capacity ("RFC") and found that he could perform light work, except that he must avoid concentrated exposure to respiratory irritants, extreme heat, extreme cold, and humidity, and that his work duties should not be performed outdoors or require interaction with the public.

The ALJ then consulted with a Vocational Expert ("VE") to determine if Plaintiff could perform his past relevant work or any jobs in the national economy. On the basis of his RFC assessment and the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but that he could perform other

---

[2] The following facts from the parties' submissions are undisputed unless otherwise noted.

jobs that existed in significant numbers in the national economy. The ALJ thus found that Plaintiff was not disabled under the Social Security Act.

## STANDARD OF REVIEW

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

On appeal, a court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

**DISCUSSION**

On appeal, Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, asserting: (1) the ALJ ignored evidence supporting further restrictions on Plaintiff's RFC; and (2) the ALJ improperly discredited the opinion of Plaintiff's treating physician.[3] However, because the Court finds the weight given to Plaintiff's treating physician to be dispositive, it will confine its discussion to that issue only.

**I.    The ALJ Erred in Weighing the Opinion of Plaintiff's Pulmonologist**

ALJs must give controlling weight to a treating physician's opinion if it is both "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527. If the ALJ declines to do so, then he must offer "good reasons for discounting the opinion" in light of the following regulatory factors: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); 20 C.F.R. § 404.1527.

Here, Plaintiff's pulmonologist, Dr. Razma, completed an RFC questionnaire in 2011 and opined that Plaintiff's asthma is severe enough to interfere constantly with his work. The ALJ accorded some weight to Dr. Razma's opinion, but generally found it to be overstated. The gravamen of the ALJ's issue with Dr. Razma is that,

---

[3] Plaintiff also argued in his moving brief that the ALJ erred at Step Five, but he retracted this argument is his reply brief.

from 2010 to 2011, Dr. Razma drastically changed his opinion regarding Plaintiff's sensitivity to airborne irritants and physical exertion. The ALJ attributed this change to Dr. Razma's involvement in Plaintiff's disability claim, and explained that "there is no evidence in the record to support such a drastic change in opinion. There are no documented emergency room visits, or more frequent asthma attacks to support this changed opinion." (R. 29.) But a review of the record paints a different picture.

True, Dr. Razma's *first* 2010 report (October 27, 2010) seems inconsistent with his responses to the 2011 RFC questionnaire, in that the October report indicates Plaintiff's asthma was relatively stable, whereas the questionnaire states that his asthma worsened to the point of preventing him from being able to work in any environment. But these are not the only relevant documents on record: in a December 2010 report, which the ALJ did not discuss, Dr. Razma noted that despite being on an intense medication regimen, Plaintiff's asthma was out of control — even though he was not working at that time. When read together, the three reports plausibly demonstrate that Plaintiff's condition was deteriorating over time, irrespective of his exposure to workplace irritants. This is hardly the "drastically inconsistent" flip-flopping that the ALJ attributed to Dr. Razma, and therefore the Court finds the ALJ's reasons for discrediting Dr. Razma flawed in this regard.

The ALJ also overstated, or perhaps misinterpreted, the apparent inconsistencies between Dr. Razma's RFC questionnaire and Plaintiff's testimony. In the questionnaire, Dr. Razma answered two questions related to Plaintiff's

6

ability to stand and walk by circling the number zero, apparently indicating that Plaintiff could not stand or walk at all without triggering his asthma. Plaintiff, in contrast, testified that he could walk two blocks without rest and stand for roughly six hours with regular breaks. The ALJ thus found these remarks inconsistent with Dr. Razma's answers. But a closer reading of the questionnaire indicates that Dr. Razma did not meaningfully answer any question regarding Plaintiff's functional capacity.

For example, in response to the questions regarding Plaintiff's exertional limitations, Dr. Razma left half of them blank and, for the other half, wrote in the margins "Plaintiff will need to be off work." (*See* R. 407-09.) Whatever Dr. Razma thought he was doing by answering the questionnaire such a manner is unclear; nonetheless, it seems that he did not intend to provide a concrete answer to anything, other than the blanket statement that Plaintiff cannot work. Of course, Dr. Razma's statements are by no means conclusive evidence of Plaintiff's alleged disability, but, by the same token, they are not really "answers" to the questionnaire. As such, the Court cannot say that Dr. Razma's 2011 opinion is truly inconsistent with Plaintiff's testimony, and this case should therefore be remanded for further investigation into the basis of Dr. Razma's 2011 opinion and the weight that should be given to it.

Ultimately, it bears emphasis that Dr. Razma is the sole pulmonologist on record (and thus the only doctor with expertise in Plaintiff's condition), as well as the only doctor on record who treated Plaintiff and examined his progress.

Considering that the only contrary evidence relied upon by the ALJ is a mostly-unelaborated, check-list report by non-treating consultative examiner, it follows that a clear understanding of Dr. Razma's opinion is instrumental to Plaintiff's disability determination.

Based on its conclusion that remand is necessary for the above reasons, the Court declines to explore in detail the remaining errors claimed by Plaintiff. That said, the Commissioner should not assume the remaining issues were omitted because no error was found. Indeed, special care should be taken to ensure that: (1) the weight given to the CE's opinion is reevaluated in light of the weight given to Dr. Razma's; (2) Plaintiff's credibility be examined in a manner wholly consistent with SSR 96-7p and governing Seventh Circuit standards, s*ee Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); and (3) Plaintiff's RFC be supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, the Commissioner's Motion for Summary Judgment, [Doc. No. 14], is denied, Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security is granted in part and denied in part, and this case is hereby remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion.

| | |
|---|---|
| **SO ORDERED.** | **ENTERED:** |
| | *Maria Valdez* (signature) |
| DATE:   **January 28, 2015** | _____ |
| | **HON. MARIA VALDEZ**<br>**United States Magistrate Judge** |